UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| RANDY R. RICHARD, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CV-158 RM |
| | ) | |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) ) | |
| | ) | |
| Respondent | ) | |

OPINION AND ORDER

Petitioner Randy Richard, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with loss of earned credit time in a prison disciplinary hearing. On November 4, 2007, correctional officers searched Mr. Richard's locker, found a large quantity of food items, and wrote a conduct report against him for unauthorized possession of property belonging to another. On November 7, 2007, a disciplinary hearing body ("DHB") found Mr. Richard guilty, took ninety days of earned credit time away from him, and demoted him to a lower Credit Time Earning Classification. Mr. Richard appealed unsuccessfully to the superintendent and the final reviewing authority. For the reasons that follow, the court grants Mr. Richard's petition for writ of habeas corpus.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be

heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, Wolff v. McDonnell, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. 445, 455 (1985).

Mr. Richard presented two claims in his petition: that there was insufficient evidence to find him guilty of the charge against him, and that the DHB violated the Eighth Amendment's prohibition against cruel and unusual punishments. The court reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and allowed Mr. Richard to proceed on ground one of his petition, in which he asserts that there was insufficient evidence to find him guilty.

In their response to the order to show cause, the respondent states:

> Randy Richard, raises four issues in his petition for relief, however, as instructed by the Court in its May 16, 2008, [order][1] Respondent answers only claims three and four which are: 3) "the chain of custody four was not complete," and 4) no specific numbers showing degree of positive results" (Docket 3; petition p. 5).

(Docket #9-1 at p. 3).

Despite the fact that sufficiency of the evidence was the only due process claim Mr. Richard presented in his petition, the respondent discussed each of the Wolff grounds — though the respondent's arguments bear little, if any, relationship to the disciplinary

---

[1] The court's Rule 4 order in this case was entered on April 16, 2008. (Docket #3).

proceedings against Mr. Richard. For example, the respondent argues that the requirement that Mr. Richard receive written notice of the charges against him at least twenty-four hours before the hearing was met because "Richard was notified of the charges and of his rights on August 9, 2007 . . . Richard's disciplinary hearing was held four days later on August 13, 2007, thus satisfying the first obligation of due process in this case." (Docket #9-1 at p. 4). The conduct report against Mr. Richard, however, was written on November 4, 2007 (Docket #9-2 at p. 1), and the hearing was held on November 7, 2007. (Docket #9-5).

Prisoners are entitled to call witnesses and present documentary evidence in their behalf. The respondent argues that Mr. Richard was advised of this right at screening, and that he "requested offender Humbles as a witness. Richard also requested 'camera ACH 400 ranges to show I was there, not attempting any escape.'" (Docket #9-1 at p. 4) (citations omitted). The screening report, however, establishes that Mr. Richard requested that "all physical evidence be present," but didn't request any witnesses or that any videotape be reviewed. (Docket #9-3). The respondent asserts that the DHB "noted on the Report of Disciplinary Hearing . . . that it's (sic) decision was based, in part, on the 'physical evidence, specifically Video Review." (Docket #9-1 at p. 4). But the DHB made no such notation on the Report of Disciplinary Hearing form submitted in this case. (Docket #9-5).

Superintendent, Mass. Correctional Institution v. Hill requires is that there must be some evidence in the record to support a finding of guilt. The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there need only be "some evidence" to support the decision of the prison disciplinary board."

3

Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. at 455. A reviewing court must uphold a finding of guilt if "there is any evidence in the record that could support the conclusion reached" by the board. *Id*. at 457. In the appropriate circumstances, the conduct report alone may be sufficient evidence to support a finding of guilt. See McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999). The court must carefully scrutinize the sufficiency of the disciplinary board's statement of facts it relied on to find the prisoner guilty. Redding v. Fairman, 717 F.2d 1105, 1116 (7th Cir. 1983). The "some evidence" standard "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457. A reviewing court must uphold a finding of guilt if "there is any evidence in the record that could support the conclusion reached" by the board. *Id*. at 457.

The respondent argues that:

> A conduct report alone may provide "some evidence" of guilt, notwithstanding its brevity or the presence of conflicting evidence. The two-page conduct report reflects that Richard was not in the chapel where he was authorized to be, but had "somehow left the chapel." (Exhibit 2A).[2] Richard admitted to being in ACH on the 400 and 200 ranges." *Id.*

Docket #9-1, p. 6. (citations omitted).

The respondent is correct that in the proper circumstances, a conduct report may provide some evidence of guilt. But the conduct report cited by the respondent in his memorandum does not support Mr. Richard's guilt. According to the petition, and the administrative record submitted by the respondent, Mr. Richard was charged with

---

[2] Exhibit 2A attached to the response in this petition is a photograph.

4

unauthorized possession of property belonging to another. (Docket #9-2 at p. 1). The conduct report cited by the respondent in his memorandum deals with an inmate who was found in a cell house when he was supposed to be in the chapel.

Judges should not be "like pigs, hunting for truffles buried in briefs." U.S. v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991). This court has discovered no truffles in the response to the order to show cause, which contains no argument that would sustain the DHB decision. Pursuant to Redding v. Fairman, however, the court will review the administrative record submitted by the respondent to see if there is any evidence there that could support a finding of guilt.

In its Report of Disciplinary Hearing, the DHB states "the following evidence was relied on to reach the decision in this hearing" (Docket #9-5). The DHB checked the boxes for "staff reports," "statement of the offender," and "physical evidence" as the evidence it relied on to find Mr. Richard guilty. (*Id.*).

The conduct report against Mr. Richard states as follows:

> On 11-4-7 at approx. 6:45 AM, while conducting a targeted shakedown on Offender Richard #105879 a massive quantity of food products was found in Richard's #105879 locker. Offender Richard #105879 could not produce commissary receipts proving it all (or any) belongs to him. At which time Officer Parnell and I (Officer Takacs) confiscated the unopened food items.

(Docket #9-2 at p. 1).

In the proper circumstances a conduct report may, by itself, provide sufficient evidence of guilt — such as where the author of the conduct report was an eyewitness to an event or makes a statement about facts within his personal knowledge. The conduct

report in this case is sufficient to establish that Mr. Richard had in his possession several items of food, which were observed by the reporting officer. Mr. Richard, however, was not charged with possessing food items, which were not — by themselves — contraband. Rather, he was charged with unauthorized possession of property belonging to another. The conduct report does not provide evidence that any of the confiscated property belonged to another because the author of the conduct report had no personal knowledge of who the property belonged to. The conduct report is sufficient, perhaps, to bring charges against Mr. Richard for possession of the property of another. But it does not, by itself, support a finding of guilt on that charge.

The DHB also stated that it relied on Mr. Richard's statement at the hearing to find him guilty. According to the Report of Disciplinary Hearing prepared by the DHB Chairman, at the hearing Mr. Richard stated, "It's my stuff, I paid for it. I didn't save my receipts. I wasn't running a store. I don't remember the last time I placed a commissary order."

(Docket #9-5).

This statement is not inculpatory, as the DHB seems to have believed. It is — at least as far as the court can tell on this record — exculpatory. Mr. Richard says the food found in his locker was was his "stuff" and he "paid for it." If one credits this statement, as the DHB explicitly did by stating that it relied on it, then it is evidence that Mr. Richard didn't possess the property of others. It may be that prison officials could have researched Mr. Richard's commissary records and found that he never bought any food from the

commissary — which would have supported a finding that he possessed the property of others. There, however, is no evidence in the existing record that contradicts Mr. Richard's statement or supports a conclusion that Mr. Richard did not purchase the food items found in his locker.

Finally, the DHB states that it relied on the "physical evidence" to find Mr. Richard possessed the property of others. The physical evidence — the confiscated property — supports a conclusion that Mr. Richard possessed items of food. It does not, however, suggest that the food was not his.

On appeal, the facility superintendent reviewed the evidence and affirmed the DHB's finding of guilt because "[y]ou obviously were running a store," (Docket #9-5), thus apparently finding that Mr. Richard was guilty of a different offense than that charged by the conduct report. The Fourteenth Amendment's due process clause guarantees prisoners advance written notice of the charges "to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact." Wolff v. McDonnell, 418 U.S. at 564. There are occasions when prison officials may change the charge at the hearing, or even on appeal, so long as the new charge also conforms to the facts stated in the conduct report. For example:

> . . . Wolff v. McDonnell does not require the infraction notice to specify whether the offense charged was serious or minor. Here, the charge was possession of the Valium, and while the change from a Rule 24 charge to a Rule 3 charge raised the potential penalties, the factual basis for both was possession of the same Valium at the same time. It is evident that the conduct violation report gave Holt all of the information he needed to make his defense.

7

Holt v. Caspari, 961 F.2d 1370, 1373 (8th Cir. 1992).

Changing the rule Holt was accused of violating did not deny him due process because the conduct violation report stated facts that supported the corrected charge and provided the facts he needed to prepare his defense against that charge. But in this case, the conduct report did not state facts that could conceivably place Mr. Richard on notice that he would have to defend himself against a charge of running a store. The conduct report specifically accuses Mr. Richard of possessing property belonging to others. The defense against that charge is that the property belonged to him. That the property belonged to him, however, is not a defense against running a store, and the conduct report didn't put him on notice that he need to anything to refute the charge against him other than asserting that he owned the food found in his locker.

The factual predicate for the charge of running a store is that the charged inmate owns property he is selling to other inmates. The factual predicate for a charge of possessing items belonging to others is that the charged inmate does not own the items found in his possession. These are mutually exclusive charges and, accordingly, they cannot be switched for one another by prison officials at or after the hearing.

To the extent the superintendent may have affirmed the DHB's finding of guilt by switching the charge from possessing property belonging to others to a charge of running a store and selling items to others, he violated Wolff v. McDonnell's notice requirements. Regarding the original charge contained in the conduct report, there is no evidence in the record that supports a finding that Mr. Richard was in unauthorized possession of

property belonging to another.

For the foregoing reasons, the court the court GRANTS this petition, DIRECTS the respondent to restore ninety days of earned credit time to the petitioner and to restore him to Credit Class II retroactively to the date he was demoted as a result of the disciplinary action that forms the basis of this petition for writ of habeas corpus, and DIRECTS the respondent to AFFORD the petitioner all good time credits he would have earned had he not been demoted in credit earning class. If the restoration of earned credit time results in an outdate that has already passed, the respondent should release the petitioner forthwith.

SO ORDERED.

DATED: October  14 , 2008

                                                 /s/ Robert L. Miller, Jr.
                                                Chief Judge
                                                United States District Court